Filed 10/8/20  P. v. Pogues CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B302261 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. A620102) |
| v. | |
| KENNETH POGUES, | |
| Defendant and Appellant. | |

THE COURT:

In 1981, Kenneth Pogues (defendant) stabbed his neighbor to death.  A jury convicted him of second degree murder (Pen. Code, § 187)[1] and found true an allegation that he had personally used a deadly weapon (a knife) in the commission of the crime (§ 12022, subd. (b)).  The trial court imposed a life sentence.  We

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

affirmed the judgment on direct appeal. (*People v. Pogues* (Sept. 22, 1982, 2d Crim. No. 41529) [nonpub. opn.].)

In 2019, defendant filed a section 1170.95 petition for resentencing claiming he was convicted of murder under the felony-murder rule or under the natural and probable consequences doctrine. The trial court denied the petition finding defendant was ineligible for relief because "he was the actual killer who personally stabbed the victim to death."

Defendant filed a notice of appeal from the trial court's denial of the section 1170.95 petition. Defendant's appointed counsel filed an "Opening Brief" in which no arguable issues are raised, and asks this court for an independent review of the record as required by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

Because defendant appeals from an order denying post-conviction relief, the procedural protections established in *Wende* do not apply. (*People v. Cole* (2020) 52 Cal.App.5th 1023 (*Cole*).) In *Cole*, we held that counsel in post-conviction matters is required to independently review the record for arguable issues and, if none are found, is required to "file a brief with the Court of Appeal setting forth (1) a brief statement of the pertinent procedural history of the case, (2) a brief summary of the pertinent facts, (3) counsel's declaration that there are no reasonably arguable issues to present on appeal, and (4) counsel's affirmation that he or she remains ready to brief any issues at the request of the Court of Appeal." (*Cole*, at p. 1038.) Counsel in this case fulfilled these requirements.

Next, *Cole* held that counsel and this court must notify defendant of his right to file a brief on his own behalf. (*Id.* at p. 1039.) Both counsel and this court did so.

2

Lastly, *Cole* held that if the defendant does not file a supplemental brief, this court may dismiss the appeal as abandoned because "the order appealed from is presumed to be correct" (*Id.* at p. 1039), and "in the absence of any arguments to the contrary," this presumption "ineluctably leads to the conclusion that the appellant has not carried his or her burden of proving otherwise." (*Id.* at p. 1040.)

Defendant did not file a supplemental brief. In accordance with the procedures articulated above, we dismiss this appeal as abandoned.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____

ASHMANN-GERST, Acting P.J., CHAVEZ, J., HOFFSTADT, J.

3